# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 6:06-CR-47 |
| | § | |
| THOMAS JEAN HILL | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On July 9, 2009, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant, Thomas Jean Hill. The government was represented by Mary Ann Cosby, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense of Possession of a Firearm with a Removed Serial Number, a class D felony. The offense carried a statutory maximum imprisonment term of five years. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. On January 11, 2007, U.S. District Leonard Davis sentenced Defendant to 41 months imprisonment and three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, alcohol abstinence, and drug aftercare. On February 6, 2009, Defendant completed the term of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited, in relevant part, from: committing another federal, state or local crime, purchasing, possessing or using any controlled substance, except as prescribed by a physician, failing to report to the probation officer and submitting a truthful and complete written report with the first five days of each month, and failing

to notify the probation officer at least ten days prior to any change in residence or employment. In addition, Defendant was required to participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until released from the program by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release by possessing methamphetamine as evidenced by submitting positive urine samples on February 25, 2009 and March 19, 2009, by using methamphetamine as evidenced by those same urine samples, by failing to report to the probation officer as directed on March 26, 2009, March 31, 2009, and April 1, 2009, by changing residence and employment on or about March 7, 2009, without notifying the probation officer as required, and by failing to submit urine specimens on February 2, 2009, March 5, 2009, March 11, 2009, March 25, 2009, and March 27, 2009.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than 24 months of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). The Court can find that illicit drug use constitutes possession. Pursuant to Section 7B1.1(a) of the Sentencing Guidelines, violating a condition of supervision by possessing methamphetamine in violation of Texas Health and Safety Code § 481.115 would constitute a Grade B violation, for which the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment. U.S.S.G. § 7B3.1(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated a condition of supervision by using methamphetamine, as evidenced by submitting positive urine samples on February 25, 2009 and March 19, 2009, by failing to report to the probation officer as directed on

March 26, 2009, March 31, 2009, and April 1, 2009, by changing residence and employment on or about March 7, 2009, without notifying the probation officer as required, or by failing to submit urine specimens on February 2, 2009, March 5, 2009, March 11, 2009, March 25, 2009, and March 27, 2009 he will be guilty of a Grade C violation, for which the Court may revoke Defendant's term of supervised release in favor of a term of imprisonment, or extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

At the hearing, the parties indicated they had come to an agreement to resolve the petition whereby Defendant would plead true to violating conditions of supervision by failing to report to the probation officer as directed on March 26, 2009, March 31, 2009, and April 1, 2009, and by changing residence and employment on or about March 7, 2009, without notifying the probation officer as required. In exchange, the government agreed to recommend that Defendant serve 14 months. In addition, the Government moved to dismiss the additional allegations in the petition and the Court granted that motion.

Pursuant to the Sentencing Reform Act of 1984, and the agreement of the parties, the Court **RECOMMENDS** that Defendant, Thomas Jean Hill, be committed to the custody of the Bureau of Prisons for a term of imprisonment of 14 months with no supervised release to follow. The Court further **RECOMMENDS** that the remaining allegations in the government's petition be

**DISMISSED**. Finally, the Court **RECOMMENDS** that the place of confinement be at the Federal Correctional Institution in Fort Worth, Texas.

The parties have waived their right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 10th day of July, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE